**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Lorenzo Battles,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Pollard,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-00689-BNW-JAD<br><br>**ORDER** |

Plaintiff, who is incarcerated and proceeding pro se, requests that defendant's last-known address be filed under seal so that he can effectuate service of process. ECF No. 11. Plaintiff explains he is not able to locate a valid address at which defendant can be served. *Id*.

**I.    Procedural background**

After screening Plaintiff's complaint, the district court allowed a First Amendment retaliation claim and Fourteenth Amendment bodily integrity claim to proceed against Defendant Pollard. ECF No. 3. In that order, the court requested that defendant Pollard waive service of the summons and complaint by executing a waiver. The order, however, never reached Pollard, or his employer, and was returned as undeliverable. ECF No. 5.

**II.    Analysis**

Although an incarcerated pro se plaintiff is entitled to rely on the United States Marshal to make service, it is ultimately a plaintiff's responsibility to provide the Marshal with a defendant's correct address. *See Furnace v. Knuckles*, No. 09-6075, 2011 WL 3809770, at \*2 (N.D. Cal. Aug. 29, 2011) ("It is plaintiff's responsibility to provide accurate addresses for defendants in order that they can be served by the United States Marshal."). At the same time, this Court has an "obligation to assist a pro se incarcerated litigant to obtain discovery. . . so that service can be effected." *Carpio v. Luther*, No. 06-0857, 2009 WL 605300, at \*1 (W.D. N.Y. Mar. 9, 2009) (*citing Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997)); *see also Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 790 (7th Cir. 1995) ("[B]ecause [plaintiff] is a prisoner he may not be

in a position to identify the proper defendants, or all of them in his complaint. . . We think it is the duty of the district court to assist [the incarcerated pro se litigant], within reason, to make the necessary investigation.").

As a result, this Court will first ensure that the relevant orders are received by METRO so it can (1) advise the court whether it will waive service of the summons and complaint in this case or (2) if Pollard is no longer employed by METRO, advise whether it objects to filing Pollard's last-known address under seal.

Plaintiff's request is accordingly GRANTED in part as follows. METRO will be required to respond within 30 days from today. Should METRO not be willing to waive service of process, or should METRO not agree to file Pollard's last known address under seal, Plaintiff must file the appropriate motion seeking to conduct early discovery.

### III. Conclusion

**IT IS ORDERED** that Plaintiff's motion (ECF No. 11) is **GRANTED in part** as described in the body of this order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail **this order**, **and ECF No. 3**, to LVMPD Assistant General Counsel Ruth Miller at 400 S. Martin L. King Blvd. Las Vegas, NV 89106.

**IT IS FURTHER ORDERED** that METRO shall enter a limited notice of appearance for the purpose of responding to this order no later than **August 21, 2025**.

DATED: July 22, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE