UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lorenzo Battles,<br><br>    Plaintiff,<br><br>  v.<br><br>Michael Pollard,<br><br>    Defendants. | Case No. 2:24-cv-00689-JAD-BNW<br><br>**AMENDED ORDER** |

This Court amends its order at ECF No. 17 as to the service dates only. *See infra* page 2.

Plaintiff is incarcerated at Lovelock Correctional Center and is proceeding *in forma pauperis*. ECF No. 3. On August 21, 2025, the Las Vegas Metropolitan Police Department (LVMPD) indicated that they would not accept service for Defendant Michael Pollard. ECF No. 15. However, the LVMD filed Defendant Pollard's last-known address under seal. ECF No. 14. Accordingly, this Court orders the U.S. Marshal's Service ("USMS") to effect service on Defendant Pollard as explained in detail below. *See* 28 U.S.C. § 1915(d) ("[O]fficers of the court shall issue and serve all process and perform all duties in [*in forma pauperis*] cases."); *see also* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

In addition, this Court extends the time for Plaintiff to serve Defendant Pollard. ECF No. 6 (stating that proof of service was due on July 2, 2025). Under Federal Rule of Civil Procedure 4(m), courts must extend the time for service if a plaintiff shows good cause for its failure to timely serve a defendant. In the absence of good cause, courts have discretion to extend the time for service or to dismiss the action without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001); *see also* Fed. R. Civ. P. 4(m) ("[T]he court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). The Ninth Circuit has declined to articulate a specific test

1  court must apply in exercising their discretion under this rule. *In re Sheehan*, 253 F.3d at 513. It
2  has simply noted that the discretion is broad. *Id.*
3        Here, Plaintiff has not demonstrated good cause or excusable neglect to extend the time to
4  serve Defendant. Still, this Court exercises its broad discretion to extend the time for service
5  given Plaintiff's incarcerated status and that Pollard is no longer employed by LVMPD. Plaintiff
6  must carefully follow the below instructions:
7        **IT IS ORDERED** that Plaintiff has until **November 12, 2025,** to serve Defendant
8  Pollard. **IT IS FURTHER ORDERED** that the Clerk of Court issue a summons for Defendant
9  Pollard and deliver the same to the USMS for service together with one copy of each of the
10 following documents: this Order, the Complaint (ECF No. 4), the Court's Screening Order (ECF
11 No. 3), and the address for Defendant Pollard filed under seal (ECF No. 15).
12       **IT IS FURTHER ORDERED** that the Clerk of Court send Plaintiff one blank USM-285
13 form, together with a copy of this Order.
14       **IT IS FURTHER ORDERED** that Plaintiff shall have until **October 21, 2025,** to fill out
15 the required USM-285 form and send it to the USMS. Plaintiff must fill out the blank space
16 asking for the defendant's address by specifying that Defendant Pollard's address is filed under
17 seal in Case No. 2:24-cv-00689-JAD-BNW at ECF No. 15.
18       **IT IS FURTHER ORDERED** that the USMS must, in accordance with Federal Rule of
19 Civil Procedure 4(c)(3), attempt service on Defendant Pollard no later than **21 days** after receipt
20 of the completed USM-285 form.
21       **IT IS FURTHER ORDERED** that the USMS is to file the return of service under seal
22 given that Defendant Pollard's address shall remain sealed.
23
24
25
26
27
28

1  **IT IS FURTHER ORDERED** that if Plaintiff fails to comply with this Order, Plaintiff's claims against Defendant Pollard may be subject to dismiss for failure to complete service of process pursuant to Federal Rule of Civil Procedure 4(m).

DATED: August 26, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE