**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Lorenzo Battles,

      Plaintiff

v.

Michael Pollard,

      Defendant

Case No.: 2:24-cv-00689-JAD-BNW

**Order Granting Motion to Dismiss in Part with Leave to Amend**

[ECF No. 21]

Pro se plaintiff Lorenzo Battles brings this civil-rights action against Officer Michael Pollard, alleging that he imposed lockdowns and segregation in retaliation for Battles's complaint about Pollard's conduct and that he squeezed Battles's buttocks while escorting him to segregation, violating his Fourteenth Amendment right to bodily integrity.  Pollard moves to dismiss both claims as time barred, arguing that the operative events occurred in June or July 2021, and Battles waited more than two years to sue for them.

I find that Battles's claims based on the June 2021 conduct are time barred as pled, but the untimeliness of his later lockdown-retaliation theory is not apparent on the face of the complaint.  And though Battles has not pled facts showing that equitable tolling or equitable estoppel saves his untimely claims, his opposition suggests that amendment may not be futile. So I grant Pollard's motion in part, deny it in part, and give Battles until **June 18, 2026**, to file an amended complaint if he can plead additional, true facts to render his claims timely.

**Background**[1]

Lorenzo Battles was a pretrial detainee at the Clark County Detention Center when Officer Pollard searched his cell during linen exchange on June 29, 2021.[2]  Pollard confiscated two of his personal books during that search, so Battles protested and asked to speak with a sergeant.[3]  Pollard responded by sanctioning Battles to a 72-hour lockdown.[4]  When Battles again asked to speak with a shift sergeant, Pollard told him that if he wanted to speak to a sergeant, he was "going to speak to him in the hole."[5]  Pollard then handcuffed Battles and began transferring him to segregation.[6]  During that transfer, Pollard squeezed Battles's buttocks, prompting Battles to tell Pollard not to "grab my ass."[7]  Pollard responded, "I will do whatever I want to your light-skinned bitch ass."[8]

Battles was released from segregation in July 2021 and returned to the general population in Unit 9A.[9]  Pollard was often assigned as a unit officer there, and Battles alleges that, during Pollard's shifts, he was issued multiple false and adversarial lockdowns because he complained to staff about Pollard's misconduct and sexual abuse.[10]  Battles claims that the retaliatory conduct continued from June 2021 to April 2022.

---

[1] These facts are taken from Battles's complaint (ECF No. 1) and are not intended as findings of fact.

[2] ECF No. 1 at ¶¶ 1–2.

[3] *Id.* at ¶¶ 2–3.

[4] *Id.* at ¶ 3.

[5] *Id.* at ¶ 4.

[6] *Id.* at ¶ 5.

[7] *Id.*

[8] *Id.* (cleaned up).

[9] *Id.* at ¶ 7.

[10] *Id.* at ¶ 8.

Battles sues Pollard under 42 U.S.C. § 1983.  He styled his first claim as a First Amendment retaliation claim and his second as an Eighth Amendment sexual-assault claim, but because Battles was a pretrial detainee when these events allegedly occurred, I construed the sexual-assault claim as a Fourteenth Amendment bodily-integrity claim, not an Eighth Amendment claim, in the screening order[11]  I then allowed Battles's First Amendment retaliation claim and Fourteenth Amendment bodily integrity claim to proceed past screening.

Pollard now moves to dismiss the complaint as untimely.  He argues that Battles's claims accrued in June or July 2021, but Battles did not file this case until April 2024, outside the two-year statute of limitations for § 1983 claims.  Battles responds that the motion should be denied because Pollard's retaliatory conduct continued into April 2022 and because Pollard's intimidation, retaliation, and control over institutional records prevented him from filing earlier.

**Discussion**

**A.       Section 1983 claims must be filed within two years.**

The "statute of limitations is an affirmative defense, which the claimant bears the burden of proving."[12]  The defense may be resolved on a motion to dismiss only if the complaint itself plainly shows the claim is untimely and that no tolling or estoppel could save it.[13]  Federal courts borrow state personal-injury statutes of limitation for § 1983 actions, and the personal-injury

---

[11] ECF No. 3 at 4.

[12] *United States v. Real Prop., Titled in the Names of Godfrey Soon Bong Kang & Darrell Lee*, 120 F.3d 947, 949 (9th Cir. 1997).

[13] *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

3

statute of limitations in Nevada is two years.[14]  Section 1983 claims accrue "when the plaintiff knows or has reason to know of the injury that is the basis of the action."[15]

**B.      Battles's retaliation claim is timely only to the extent that it's based on retaliatory acts that occurred on or after April 5, 2022, and his bodily-integrity claim is untimely.**

> **1.      *The continuing-violation doctrine does not save the untimely parts of Battles's retaliation claim.***

Pollard argues that Battles's retaliation claim is untimely because it arises from conduct that began on June 29, 2021, nearly three years before Battles filed this case.[16]  Pollard identifies the June 2021 cell search, 72-hour lockdown, transfer to segregation, and alleged sexual assault as the operative events for this claim and contends that even using Battles's July 2021 release from segregation as the accrual date would still place the claim outside Nevada's two-year limitations period.  Pollard also argues that the later-lockdown allegations are too conclusory because Battles does not identify the dates, duration, circumstances, or basis for any of those lockdowns.

Battles responds that his retaliation claim is not based on a single incident because Pollard's retaliatory misconduct continued after the initial June 2021 events.[17]  Battles thus invokes the continuing-violation doctrine, arguing that Pollard's later misconduct extends the limitations period.

---

[14] Nev. Rev. Stat. § 11.190.

[15] *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015).

[16] ECF No. 24 at 3–4.

[17] ECF No. 26 at 3.

The continuing-violation doctrine is a narrow exception that can defer accrual until the last in a series of related acts.[18]  But in *Bird v. Dept. of Human Services*,[19] the Ninth Circuit expressly held that after the Supreme Court's decision in *Morgan v. National Railroad Passenger Corp.*,[20] "[l]ittle remains of the continuing[-]violations doctrine" outside hostile-environment claims.  It explained that the doctrine "cannot be utilized to render timely a series of related acts, one or more of which falls within the limitations period."[21]  "[D]iscrete . . . acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges," because "each discrete . . . act starts a new clock for filing charges alleging that act."[22]

Battles's retaliation claim is best understood as challenging several discrete acts, not one continuing violation: first, by sanctioning him to a 72-hour lockdown for asking to speak to a sergeant about the confiscation of his books; second, by sending him to segregation when he persisted in that request; and third, by issuing numerous unjustified lockdowns after Battles complained about Pollard's alleged sexual abuse.  So the June 29, 2021, retaliation theories are untimely on the face of the complaint.  Battles alleges that he knew on June 29, 2021, that Pollard confiscated his books, locked him down, threatened to send him to "the hole," and then transferred him there after he asked to speak to a sergeant.  The claims for each of those discrete acts began to accrue when they happened.  And because Battles did not file this case until April 5, 2024, the retaliation claim is time barred to the extent that it's based on the book-confiscation

---

[18] *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019).

[19] *Id.* at 738.

[20] *Morgan v. Nat'l R.R. Passenger Corp.*, 536 U.S. 101 (2002) (*Morgan II*).

[21] *Bird*, 935 F.3d at 746–47.

[22] *Id.* at 747.

protest, the 72-hour lockdown, and the transfer to segregation. So these claims are untimely unless equitable tolling or equitable estoppel applies.

But the later-lockdown theory is different. Battles alleges that after he returned to Unit 9A, Pollard was often assigned there and, during Pollard's shifts, Battles received multiple false and adversarial lockdowns because he had complained to staff about Pollard's misconduct and sexual abuse. He identifies the date range for his retaliation claim as June 2021 through April 2022. Because the April 5 cutoff cuts through the very month in which Battles says the retaliation continued, I cannot conclude from the face of the complaint that every later lockdown occurred before April 5th or that none continued into the limitations period. I therefore deny Pollard's motion to dismiss the later-lockdown retaliation theory.[23] This ruling does not mean that Battles may recover for every lockdown allegedly imposed between June 2021 and April 2022; it means only that the complaint does not reveal the untimeliness of that theory on its face. Pollard may renew this limitations argument in a summary-judgment motion if the developed record supports it.

### 2.   *The bodily integrity claim is untimely.*

Pollard argues that the bodily integrity claim accrued on June 29, 2021, because that is when Pollard allegedly squeezed Battles's buttocks while escorting him to segregation. Battles

---

[23] Pollard seems to alternatively argue that Battles's later-lockdown allegations fail Rule 8 because they omit the dates, bases, and damages for each alleged lockdown, leaving Pollard unable to reasonably defend against them. But Pollard develops that argument only briefly and in service of his statute-of-limitations defense. He does not meaningfully address the liberal construction owed to pro se pleadings, the retaliation elements, or my screening order's conclusion that these same allegations stated a colorable First Amendment retaliation claim. Nor does he explain why the missing details cannot be obtained through discovery or tested on summary judgment.

does not identify any later sexual contact or bodily-integrity violation.  Instead, his timeliness arguments focus on later retaliation, intimidation, and access to records.

The bodily integrity claim accrued when Battles knew of the alleged unwanted sexual contact.  The complaint alleges that Pollard squeezed Battles's buttocks during the June 29, 2021, transfer to segregation and that Battles immediately objected.  So Battles knew of both the injury and its cause that day.  Because he did not file this case until April 5, 2024, that claim is untimely unless equitable tolling or equitable estoppel applies.

**C.**      **Equitable principles do not save Battles's untimely claims, but he is granted leave to amend facts to plausibly state those theories.**

Battles argues that his untimely claims should be saved by equitable principles because Pollard's intimidation, retaliation, threats, and control over him made it unsafe to file this lawsuit earlier.  Pollard responds that Battles offers only conclusory assertions of intimidation and does not allege facts showing that he diligently pursued his rights or that Pollard prevented him from filing on time.

Although Battles calls this an equitable-tolling argument, it is better understood as one for equitable estoppel.  The two doctrines are often conflated but "equitable tolling applies when the plaintiff is unaware of his cause of action, while equitable estoppel applies when a plaintiff who knows of his cause of action reasonably relies on the defendant's statements or conduct in failing to bring suit."[24]  Courts have thus treated threat- or intimidation-based delay as an

---

[24]  *Est. of Amaro v. City of Oakland*, 653 F.3d 808, 814 (9th Cir. 2011) (*citing Stitt v. Williams*, 919 F.2d 516, 522 (9th Cir. 1990)).

estoppel theory because the plaintiff knew of the claim but allegedly held off suing because of the defendant's conduct.[25]

Nevada courts determine whether equitable tolling applies by weighing the plaintiff's diligence, his knowledge of the relevant facts, any reliance on misleading agency statements or employer conduct, prejudice to the defendant, and any other equitable considerations that fit the case."[26]  While Battles's opposition, liberally construed, invokes equitable estoppel, his complaint does not.  Battles does not allege any of the pertinent facts for such a theory in his complaint, so he has failed to show that equitable estoppel saves the June 2021 retaliation theories or the Fourteenth Amendment bodily integrity claim.

Typically, if dismissal is appropriate, an unrepresented party should be given further leave to amend the complaint and notice of its deficiencies.[27]  Leave to amend should be withheld if the deficiencies cannot be cured and further amendments would be futile.[28]  I cannot yet conclude that amendment would be futile.  While Battles cannot amend around the fact that the June 2021 events happened more than two years before he filed this suit, his opposition suggests that he may be able to allege facts showing that Pollard's threats, intimidation, or retaliation deterred him from suing earlier.  If true, those facts may support equitable estoppel.

---

[25] *Meza-Perez v. Sbarro LLC*, 2020 WL 12752817, at *2–3 (D. Nev. Dec. 16, 2020) (reasoning that the Nevada Supreme Court would likely treat delay caused by threats or intimidation as an estoppel issue, not a tolling one, based on its holding in *Winn v. Sunrise Hospital and Medical Center*); *M.N.O. v. Magana Humphries v. Button*, 2025 WL 2421224, at *8 (D. Nev. Aug. 20, 2025) (citing *Meza-Perez* and collecting cases).

[26] *City of N. Las Vegas v. State Local Gov't Employee-Mgmt. Rels. Bd.*, 261 P.3d 1071, 1077 (Nev. 2011) (en banc).

[27] *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995).

[28] *Wheeler v. City of Santa Clara,* 894 F.3d 1046, 1059 (9th Cir. 2018).

So I dismiss the untimely claims and theories without prejudice and with leave to amend by June 18, 2026.[29]

## Conclusion

**IT IS THEREFORE ORDERED** that Pollard's motion to dismiss **[ECF No. 21] is GRANTED in part:**

- The motion is GRANTED as to Battles's Fourteenth Amendment bodily-integrity claim and as to the First Amendment retaliation claim to the extent it is based on the June 29, 2021, lockdown and transfer-to-segregation events. Those claims and theories are **dismissed with leave to amend by June 18, 2026, if Battles can add facts supporting equitable estoppel.**

- The motion is DENIED as to Battles's later-lockdown retaliation theory because the complaint does not establish on its face that those alleged retaliatory acts all occurred outside the limitations period.

If Battles chooses to file an amended complaint, he is cautioned that an amended complaint supersedes the original complaint, so the amended complaint must be complete in itself. Battles's amended complaint must therefore contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. The amended complaint must also allege facts showing why equitable tolling or equitable estoppel applies to the untimely claims.

---

[29] Pollard argues that Battles has consented to denial of leave to amend under Local Rule 7-2(d) because he did not specifically respond to Pollard's futility argument. But Battles did request leave to amend if additional facts are needed. ECF No. 26 at 4. And even if he had not, Pollard fails to show how Local Rule 7-2(d) turns a pro se prisoner's imperfect opposition into a with-prejudice dismissal if the defects may be curable. Pollard's futility argument also assumes that the only way Battles could save his claims is by changing the dates already alleged. But Battles may be able to allege facts showing that Pollard's conduct prevented him from filing earlier, which would support an equitable-estoppel theory.

9

Battles has until June 18, 2026, to file an amended complaint consistent with this order. If Battles does not file an amended complaint by that deadline, this action will proceed only on the later-lockdown retaliation theory.

_____
U.S. District Judge Jennifer A. Dorsey
May 5, 2026