**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Lorenzo Battles,

Plaintiff

v.

Michael Pollard,

Defendant

Case No.: 2:24-cv-00689-JAD-NJK

**Order Granting Defendant's Summary Judgment Motion and Closing Case**

[ECF No. 42]

Lorenzo Battles sues correctional officer Michael Pollard for violations of his First and Fourteenth Amendment rights while Battles was incarcerated at the Clark County Detention Center (CCDC). Pollard moves for summary judgment, contending that Battles's claims are untimely and that Battles failed to exhaust his administrative remedies. Battles did not file an opposition to that motion. Because the conduct that Battles complains of falls outside of the two-year statute of limitations for civil-rights claims and he has not shown that he is entitled to equitable estoppel, I grant Pollard's motion, enter judgment in his favor, and close this case.

**Background**

Lorenzo Battles alleges that he was a pretrial detainee at CCDC when Officer Pollard searched his cell during linen exchange on June 29, 2021.[1] Pollard confiscated two of Battles's books and when Battles protested, Pollard placed him on a 72-hour lockdown.[2] When Pollard was transporting Battles to segregation, he "intentionally squeezed [Battles's] buttocks."[3]

[1] ECF No. 38 at ¶ 6. Battles filed no opposition to this summary-judgment motion, so he did not provide evidence supporting the facts alleged in his complaint. I cite to his first amended complaint to provide a brief overview of the facts.

[2] *Id.* at ¶¶ 7–8.

[3] *Id.* at ¶ 12.

Battles alleges that Pollard often worked in Battles's housing unit after he was returned from segregation and, "[o]n multiple occasions between July 2021 and April 2022, Pollard caused [Battles] to be placed on lockdown status without legitimate penological justification."[4] Battles contends that Pollard's behavior was in retaliation for Battles complaining about his misconduct and seeking assistance from supervisory staff.[5] Battles asserts a First Amendment retaliation claim and a Fourteenth Amendment bodily integrity claim stemming from Pollard's alleged conduct.

In May 2026, I granted in part Pollard's motion to dismiss on timeliness grounds.[6] I concluded that claims related to conduct that occurred only after April 5, 2022—two years before Battles filed his complaint—would be timely. I ultimately found that some of Battles's claims were time-barred, but I granted Battles leave to amend his complaint if he could state claims reaching into the limitations period or allege facts that would warrant equitable estoppel to bar Pollard from raising a statute-of-limitations defense.[7]

In Battles's first amended complaint, he alleges that Pollard's retaliatory conduct took place on "multiple occasions between July 2021 and April 2022."[8] He contends that, because Pollard controlled Battles's "daily living conditions and repeatedly retaliated against him for reporting misconduct, [he] reasonably feared further retaliation if he attempted to pursue legal action while incarcerated" and he was deterred from filing suit sooner.[9] He also alleges that he

---

[4] *Id.* at ¶¶ 17, 20.

[5] *Id.* at ¶ 21.

[6] ECF No. 34.

[7] *Id.* at 4–9.

[8] ECF No. 38 at ¶ 20.

[9] *Id.* at ¶¶ 25–26.

"filed this action after he was no longer subject to the same level of direct control and intimidation that had previously prevented him from safely pursuing legal relief."[10]

## Discussion

### A. Summary-judgment standards

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[11] If the moving party does not bear the burden of proof on the dispositive issue at trial, he is not required to produce evidence to negate the opponent's claim—his burden is merely to point out the evidence showing the absence of a genuine material factual issue.[12] The movant need only defeat one element of a claim to garner summary judgment on it because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[13] The court must view all facts and draw all inferences in the light most favorable to the nonmoving party.[14]

### B. Statute-of-limitations and equitable-estoppel standards

The "statute of limitations is an affirmative defense, which the claimant bears the burden of proving."[15] Federal courts borrow state personal-injury statutes of limitations for § 1983 actions, and the personal-injury statute of limitations in Nevada is two years.[16] Section 1983

---

[10] *Id.* at ¶ 27.

[11] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).

[12] *Id.* at 323.

[13] *Id.* at 322.

[14] *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[15] *United States v. Real Prop., Titled in the Names of Godfrey Soon Bong Kang & Darrell Lee*, 120 F.3d 947, 949 (9th Cir. 1997).

[16] Nev. Rev. Stat. § 11.190.

claims accrue "when the plaintiff knows or has reason to know of the injury that is the basis of the action."[17]

Courts may apply state-law equitable-estoppel principles[18] to bar a defendant's reliance on a statute-of-limitations defense.[19] In Nevada, "[e]quitable estoppel operates to prevent a party from asserting legal rights that, in equity and good conscious, they should not be allowed to assert because of their conduct."[20] "The defense of estoppel requires a clear showing that the party relying upon it was induced by the adverse party to make a detrimental change in position[.]"[21]

**C. Battles's claims are barred by the statute of limitations.**

Pollard contends that he is entitled to summary judgment because Battles's claims are barred by the statute of limitations. Battles mailed his complaint to the court on April 5, 2024, so the limitations period began on April 5, 2022. Pollard presents evidence showing that Battles was detained at CCDC from November 6, 2020, through April 7, 2022.[22] During that time, Battles was involved in 29 rule violations that resulted in lockdown or some other adverse

---

[17] *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015).

[18] *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (explaining that "courts apply the forum state's statute of limitations for personal-injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law" (cleaned up)); *Lukovsky v. City & Cnty. of S.F.*, 535 F.3d 1044, 1051–52 (9th Cir. 2008) (applying California's equitable-estoppel principles to a § 1983 case).

[19] *See Meza-Perez v. Sbarro LLC*, 2020 WL 12752817, at *2–3 (D. Nev. Dec. 16, 2020) (reasoning that the Nevada Supreme Court would likely treat delay caused by threats or intimidation as an estoppel issue, not a tolling one, based on its holding in *Winn v. Sunrise Hospital and Medical Center*, 277 P.3d 458, 465–66 (Nev. 2012)); *M.N.O. v. Magana Humphries v. Button*, 2025 WL 2421224, at *8 (D. Nev. Aug. 20, 2025) (citing *Meza-Perez* and collecting cases).

[20] *Nev. State Bank v. Jamison Family P'ship*, 801 P.2d 1377, 1382 (Nev. 1990).

[21] *Id.*

[22] ECF No. 42-1 (inmate housing history).

consequence for Battles.[23] Pollard was involved in two of those incidents: one on June 28, 2021, and another on July 7, 2021.[24] Battles's last rule violation occurred on April 2, 2022—three days before the statute of limitations on his claims expired, and five days before he was transferred out of CCDC—and Pollard was not involved because he was not working that day.[25]

Battles's generalized allegation that Pollard's conduct occurred "through April 2022"[26] is insufficient to overcome the evidence showing that none of Pollard's interactions with Battles happened within the limitations period that began on April 5, 2022. And Battles's grievance history, discussed in more detail *infra*, demonstrates that he knew the bases of his claims in July 2021—he filed two grievances against Pollard for the July 7th incident, one of which raised the prospect of Pollard's retaliatory animus against him.[27] So, because there is no genuine dispute that the incidents Battles complains of occurred well before the limitations period began, Battles cannot prevail on his claims unless he shows that he is entitled to equitable estoppel.

**D. Battles is not entitled to equitable estoppel.**

Battles pleads equitable estoppel in his amended complaint, alleging that "to the extent any portion of [his claims] accrued before April 2022, equitable estoppel applies because Pollard's threats, intimidation, retaliation, and abuse reasonably deterred [him] from filing suit earlier."[28] He avers that Pollard's conduct "created a reasonable fear that additional complaints

---

[23] ECF No. 42-2 (Battles's incident history).

[24] ECF Nos. 42-3 (June 28, 2021, incident report), 42-4 (officer statement re: June 28, 2021, incident), 42-2.

[25] ECF Nos. 42-2, 42-10 (Pollard's work schedule).

[26] *See* ECF No. 38 at ¶¶ 20, 33.

[27] ECF No. 42-7 at 25 (grievance in which Battles notes that he has "been receiving a lockdown every time [Pollard] has a shift" in his unit" and accusing Pollard of "taunting [him] verbally every time [Pollard] sees [him]").

[28] ECF No. 38 at ¶¶ 35, 43–44.

or legal action would result in further punishment, segregation, disciplinary action, or physical abuse" and he thus feared further retaliation if he "attempted to pursue legal action while incarcerated."[29]

Pollard has met his burden to show that there is no evidence supporting Battles's equitable-estoppel defense. He presents evidence showing that Battles was very familiar with CCDC's grievance process and that he wasn't afraid to use it: Battles submitted 59 "grievances or requests related to classification, disciplinary issues, multiple religious diets, and grievances against CCDC officers" while he was incarcerated there.[30] Two of those grievances were against Pollard for the July 2021 incident.[31] He also filed a complaint against Pollard with the Citizen Review Board for the June 2021 incident.[32] Battles continued to file complaints about disciplinary charges that were initiated by other correctional officers throughout his incarceration. And in March 2022, Battles requested a civil-rights complaint packet and additional information about his civil rights.[33]

There is no evidence in the record to suggest that Battles was prevented from filing grievances or lawsuits because of Pollard's conduct. And even if there was, Battles didn't file his complaint in this court until two years after he was released from CCDC, so he could not have had any further interaction with Pollard that prevented him from filing earlier. Battles does not supply any undisputed facts from which I could conclude that his fear of Pollard's retaliatory conduct induced him to delay his filing of this complaint for two years following his transfer to

---

[29] *Id.* at ¶¶ 24–27.

[30] *See generally* ECF No. 42-7.

[31] *Id.* at 24–25.

[32] ECF No. 42-8 (Citizen Review Board complaint).

[33] ECF No. 42-7 at 107, 110.

another prison. Indeed, Battles has not submitted anything in opposition to Pollard's motion, and the deadline to do so passed long ago. So I find that Battles is not entitled to equitable estoppel and his claims are thus barred by the statute of limitations.

**Conclusion**

IT IS THEREFORE ORDERED that Michael Pollard's motion for summary judgment **[ECF No. 42] is GRANTED**. The Clerk of Court is directed to **ENTER JUDGMENT for defendant Michael Pollard and against plaintiff Lorenzo Battles and CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
November 9, 2026